**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TEXAS INDUSTRIES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:17-cv-03345** |
| | § | |
| | § | |
| **OLD REPUBLIC INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT OLD REPUBLIC INSURANCE COMPANY'S MOTION TO DISMISS**
**PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6), AND MOTION FOR A MORE**
**DEFINITE STATEMENT PURSUANT TO RULE 12(e) AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE SIDNEY FITZWATER, UNITED STATES DISTRICT JUDGE:

COMES NOW Old Republic Insurance Company ("Defendant" or "ORIC") and makes this its

Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6), and Motion for a More Definite

Statement Pursuant to Rule 12(e) and Brief in Support, and for same shows the Court as follows:

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ......................................................................................5

PROCEDURAL HISTORY..........................................................................................5

FACTUAL BACKGROUND .......................................................................................6

        A. ORIC Provides Workers' Compensation Coverage to TXI.............................6
        B. TXI's California Employee Sustains an Injury in 2001 .................................7
        C. TXI's California Employee Returns to Work and Alleges He Sustained a Second
           Injury in 2003 ...........................................................................................7
        D. TXI's California Employee Continues Treatment .........................................7

RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION ........................................................................................................8

        A. Legal Authority to Dismiss TXI's Complaint...............................................8
        B. TXI's Claim Is Not Ripe And No Actual Controversy Exists Until the
           WCAB Issues An Opinion ...........................................................................9
        C. TXI's Requested Relief Is Nothing More Than An Advisory Opinion .........12

RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT.................................13

RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM....................13

CONCLUSION .......................................................................................................16

ACTIVE\52374706.v1

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ahrens v. City of Dallas*, No. 3:17-CV-1414-L, 2017 WL 5714664, at *3 (N.D. Tex. Nov. 28, 2017)................................................................................................................................ 10

*Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009)) ......................................................... 14

*Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999)...................................... 13

*Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570 (2007)))............................................ 14

*Boudreau v. United States,* 53 F.3d 81, 82 (5th Cir. 1995)) ............................................................ 9

*Certain Underwriters v. A&D Interests*, 197 F.Supp.2d 741, 749 (S.D.Tex. 2002) ................... 10

*Goberman v. Cascos,* No. 3:16-CV-0994-G (BH), 2016 WL 3688604, at *1 (N.D. Tex. July 12, 2016) (Fish, J.) (citing FED. R. CIV. P. 12(b)(1))...................................................................... 8

*Goff v. City of Murphy, TX*, No. 3:08-CV-1660-L, 2009 WL 1037911, at *1-4 (N.D. Tex. April 15, 2009) ............................................................................................................................... 16

*In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007).............................. 14

*J & J Sports Productions, Inc. v. Mandell Family Ventures, LLC,* No. 3:10-CV-2489-BF, 2012 WL 4512500, at *5 (N.D. Tex. Oct. 2, 2012)).................................................................... 10

*Kennard v. Indianapolis Life Ins. Co.,* 420 F. Supp. 2d 601, 606 (N.D. Tex. 2006) (Fish, Chief J.) ............................................................................................................................. 10, 15

*Martin K Eby Construction Company, Inc. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004))) ..................................................................................................................... 14

*MCG, Inc. v. Great Western Energy Corp.,* 896 F.2d 170, 176 (5th Cir. 1990)) ........................... 9

*MDPhysicians & Associates, Inc. v. State Board of Insurance,* 957 F.2d 178, 181 (5th Cir. 1992)9

MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 140 (2007)................................................. 12

*Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir.1986)) ............... 10

*Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir. 1994).......................................... 9

*New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987) ..... 10

ACTIVE\52374706.v1

*Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ........................................................ 15

*Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 897 (5th Cir. 2000) ......................................... 12

*Public Service Commission v. Wycoff Co.*,344 U.S. 237, 246 (1952) ............................................ 12

*Red Hook Commc'ns I v. On-Site Manager, Inc.,* No. 3:16-CV-0848-G, 2016 WL 4179373, at *2 and n.1 (N.D. Tex. Aug. 8, 2016) (Fish, J.).................................................................. 9, 10, 13, 15

*Ruhrgas AG v. Marathon Oil Corporation,* 526 U.S. 574, 577 (1999)).................................... 9, 10

*Shields v. Norton,* 289 F.3d 832, 835 (5th Cir.)) ..................................................................... 10, 15

*Shields v. Norton,* 289 F.3d 832, 835 (5th Cir.))) .......................................................................... 10

*Sisk v. Texas Parks & Wildlife Dept*. 644 F.2d 1056, 1059 (5th Cir. 1981) .................................. 13

*Texas Court Reporters Certification Bd. v. Esquire Deposition Servs., L.L.C.*, 240 S.W.3d 79, 92 (Tex.App.-Austin 2007, no pet.)................................................................................................ 11

*Texas v. West Publ'g Co.*, 882 F.2d 171, 175 (5th Cir.1989)) ....................................................... 11

*Villas at Parkside Partners v. City of Farmers Branch*, 577 F. Supp. 2d 880, 883 (N.D. Tex. 2008) ........................................................................................................................................ 12

*Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981)))............................................................. 9

## Rules

Federal Rules of Civil Procedure 12(b)(1)..................................................8, 9, 12, 13, 14, 15

Federal Rules of Civil Procedure 12(b)(6)....................................................................13, 14, 15

Federal Rules of Civil Procedure 12(e) .............................................................................13, 14

ACTIVE\52374706.v1

## PRELIMINARY STATEMENT

Plaintiff Texas Industries, Inc. ("TXI") brings this lawsuit seeking a declaratory action as to whether one or two deductibles apply on a workers' compensation policy of insurance TXI obtained through ORIC.  Amazingly, TXI never discloses to the Court that the underlying workers' compensation claims made the subject of the deductibles are pending in California and are still being adjudicated.

In the underlying workers' compensation case, whether one or two injuries occurred is the central issue to be determined.  If the California Workers' Compensation Appeals Board ("WCAB") finds that only one injury occurred, then ORIC pursuant to the applicable workers' compensation insurance policy would find only one deductible applies.  If the WCAB finds that two injuries occurred, then ORIC would apply two deductibles.

In an attempt to circumvent the California workers' compensation system, TXI files this lawsuit seeking a declaratory judgment that TXI's injured California employee has only sustained one injury, and hence one deductible would apply.  This position is at best premature, fails for ripeness, and in reality is legally wrong, because if TXI's lawsuit is allowed to proceed, the entire workers' compensation system would be rendered meaningless, and every insured could seek two rulings.  TXI's attempt to circumvent the California workers' compensation system should be rejected and TXI's Complaint should be dismissed.

## PROCEDURAL HISTORY

TXI filed this lawsuit on November 9, 2017, in the 298th Judicial District Court of Dallas County, Texas.  ORIC removed this matter to the United States District Court for the Northern District of Texas, Dallas Division on December 11, 2017.  ORIC was served with the lawsuit on November 13, 2017, and the removal was timely.

## FACTUAL BACKGROUND

Plaintiff brings its Complaint seeking a declaration that "this honorable Court determine the rights and obligations of the parties with respect to the applicability of the deductible for Mr. Thomas' claim and to determine that only one deductible (the $500,000 deductible under the Policy) applies to Mr. Thomas' claim." (See Petition, p. 4, par. 18). Plaintiff brings this Complaint without providing the Court any notice or background of the fact that the underlying workers' compensation injury (i.e, Mr. Thomas' claim) was to a TXI employee that is domiciled in California and for seventeen years has been pursuing workers' compensation benefits through the State of California workers' compensation system (App 9- App 24, App 29- App 46, App 47- App 53). The underlying workers' compensation claims are still open and pending. (See App 47- App 53).

A.    **ORIC Provides Workers' Compensation Coverage to TXI**

TXI purchased and ORIC issued nine workers' compensation insurance policies from April 2000-April 2009. Each year would represent an individual policy, and throughout the nine years TXI altered the deductibles it would incur under the policies. From April 1, 2001 through April 1, 2002, TXI had workers' compensation policy number MWC108050 00, that had a $500,000 deductible per claim and per occurrence (hereinafter referred to as the "2001 Policy"). From April 1, 2003 through April 1, 2004, TXI had workers' compensation policy MWC108067 00 that had a $2,000,000 deductible per claim and per occurrence (hereinafter referred to as the "2003 Policy").

The workers' compensation polices TXI obtained through ORIC provided coverage for TXI's operations in several states across the United States. The workers' compensation coverage would be subject to the applicable workers' compensation laws in those various states. For

example, the 2001 Policy had Arkansas, California, Colorado, Georgia, Illinois, Louisiana, Nebraska, New Jersey, Oklahoma, Oregon, Pennsylvania, Texas and Virginia as scheduled states within the insurance policy.

**B.      TXI's California Employee Sustains an Injury in 2001**

Mr. Thomas was employed by TXI as a rotary kiln operator from April 30, 1992 until August 27, 2003 at TXI's Riverside Cement factory located in California.  On November 11, 2001, Mr. Thomas alleges he sustained a right knee injury when he slipped and fell down a grade at work.  (App 3 - App 8).   Based on this 2001 injury, Mr. Thomas filed a claim with the WCAB (hereinafter referred to as the "2001 Claim") (App 3- App 8).  The 2001 Claim was given case number ADJ 3445643 by the WCAB and remains pending (App 47- App 48).[1]

**C.      TXI's California Employee Returns to Work and Alleges He Sustained a Second Injury in 2003**

Mr. Thomas went back to work after the 2001 claim and worked continuously until July 27, 2003, when he alleges he incurred an injury to his right knee and left knee.  (App 9- App 24, App 25- App 28).   This resulted in Mr. Thomas filing another Application for Adjudication of Claim with the WCAB (hereinafter referred to as the "2003 Claim") (App 25- App 28).  The 2003 Claim was given case number ADJ 3551621 by the California Workers' Compensation Division and remains pending (App 49- App 51).[2]

**D.      TXI's California Employee Continues Treatment**

As part of the California Workers' Compensation process, each party agrees on medical professionals to conduct an Agreed Medical Examination ("AME").  Throughout his years of

---

[1] Attached as App 9- App 24 and App 29- App 46 (that were filed under seal) are reports outlining the medical treatment Thomas underwent.
[2] Mr. Thomas filed a third claim that the WCAB gave case number ADJ 3475378, and he alleged a date of injury of December 24, 2003 (App 52- App 53). At this point, this case is still open and will be adjudicated with the 2001 claim and 2003 claim (App 52 - App 53).

treatment, Mr. Thomas has had many of these AMEs.  As outlined in the AME provided by Dr. Andrew Sew Hoy, M.D. (App 9 - App 24) and Albert Simpkins, Jr., M.D., (App 29 - App 46), Mr. Thomas has endured years of medical treatment that remains ongoing today.  One of the issues is whether the 2001 Claim and 2003 Claim constitute separate injuries, which both doctors have opined in their reports.  However, this issue will ultimately be determined by the WCAB, and the benefits Mr. Thomas receives will vary depending on whether one or two injuries have occurred.  The deposition of Dr. Simpkins, M.D., who provided one of the Agreed Medical Examinations, is scheduled to be taken on January 5, 2018.  (Declaration of Laura Thornton, par. 4, App 27).  This will be further evidence the WCAB will use to determine whether one or two injuries occurred and demonstrates that adjudication of the 2001 Claim and 2003 Claim remains active and ongoing.  A trial date has not yet been set.

Accordingly, the Plaintiff's contention that "Mr. Thomas suffered several aggravations of his original right-knee injury" is still being adjudicated in California pursuant to the workers' compensation process.  The WCAB has exclusive jurisdiction over this matter, and the WCAB's findings as to whether one or two injuries occurred will have large implications for Mr. Thomas.  Once a final decision is rendered, ORIC will abide by such a decision.  Accordingly, this lawsuit is nothing but an attempt by the Plaintiff to circumvent control of the California Workers' Compensation case despite no legal authority allowing TXI's requested relief.

## RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### A.    Legal Authority to Dismiss TXI's Complaint

Rule 12(b)(1) authorizes the dismissal of a case for lack of jurisdiction over the subject matter.  *Goberman v. Cascos,* No. 3:16-CV-0994-G (BH), 2016 WL 3688604, at *1 (N.D. Tex. July 12, 2016) (Fish, J.) (citing FED. R. CIV. P. 12(b)(1)).  A motion to dismiss

pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Id.* at *1 (quoting *Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir. 1994) and citing *Ruhrgas AG v. Marathon Oil Corporation,* 526 U.S. 574, 577 (1999)).  On a Rule 12(b)(1) motion, which "concerns the court's very power to hear the case ... [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. " *Id.* at *1 (quoting *MDPhysicians & Associates, Inc. v. State Board of Insurance,* 957 F.2d 178, 181 (5th Cir. 1992) (quoting in turn *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981))).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *Id.* at *1 (quoting *MCG, Inc. v. Great Western Energy Corp.,* 896 F.2d 170, 176 (5th Cir. 1990)).  Once jurisdiction is challenged, the burden rests upon the party seeking to invoke the court's jurisdiction to prove that jurisdiction is proper. *Id.* at *1 (citing *Boudreau v. United States,* 53 F.3d 81, 82 (5th Cir. 1995)).

**B.**      **TXI's Claim Is Not Ripe And No Actual Controversy Exists Until the WCAB Issues An Opinion**

A contention that a claim is premature or not ripe is appropriately advanced in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), and, however raised, must be considered by the court because "[t]he requirement that jurisdiction be established as a threshold matter ... is inflexible and without exception...." *Red Hook Commc'ns I v. On-Site Manager, Inc.,* No. 3:16-CV-0848-G, 2016 WL 4179373, at *2 and n.1 (N.D. Tex. Aug. 8, 2016) (Fish, J.) ("Ripeness is an element of subject matter jurisdiction, which a court can raise sua sponte.") (quoting *J & J Sports Productions, Inc. v. Mandell Family Ventures, LLC,* No. 3:10-CV-2489-BF, 2012

WL 4512500, at *5 (N.D. Tex. Oct. 2, 2012)).  *See also Id.* at *2 (quoting *Ruhrgas AG v. Marathon Oil Corporation,* 526 U.S. 574, 577 (1999)).   "Ripeness — the fact that a case is neither premature [n]or speculative — is a constitutional prerequisite to the exercise of jurisdiction."   *Red Hook,* 2016 WL 4179373, at *2 (quoting *Kennard v. Indianapolis Life Ins. Co.,* 420 F. Supp. 2d 601, 606 (N.D. Tex. 2006) (Fish, Chief J.) (quoting in turn *Shields v. Norton,* 289 F.3d 832, 835 (5th Cir.))).

The Fifth Circuit has stated that a "declaratory judgment action, like any other action, must be ripe in order to be justiciable." *Certain Underwriters v. A&D Interests*, 197 F.Supp.2d 741, 749 (S.D.Tex. 2002).  As with any other action, then, a declaratory judgment suit is ripe for adjudication only where an "actual controversy" exists. *Id.* (quoting *Texas v. West Publ'g Co.*, 882 F.2d 171, 175 (5th Cir.1989)). The general rule pronounced by the Fifth Circuit is that an actual controversy exists where "a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *Id.* (quoting *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir.1986)). Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis. *Id.*   A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.  *New Orleans Pub. Serv., Inc. v. Council of New Orleans,* 833 F.2d 583, 586 (5th Cir. 1987).

The Plaintiff's claim is not ripe because it is contingent on an event that may never occur, that event being a final adjudication from the WCAB that two separate injuries were sustained by Mr. Thomas.  *See Ahrens v. City of Dallas*, No. 3:17-CV-1414-L, 2017 WL 5714664, at *3 (N.D. Tex. Nov. 28, 2017) ("A claim is not ripe if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.").  The Plaintiff's failure to disclose to the Court

ACTIVE\52374706.v1

the underlying workers' compensation claims is astounding, and its attempt to create the impression that this Complaint presents an isolated issue for this Court is disingenuous.

The Plaintiff is an active participant in this underlying claims process in California. Therefore, there is no doubt that Plaintiff is aware of the ramifications of the impending claims decision, which makes its omission from the Complaint an intentional act intended to mislead the Court. The remaining questions between the parties are not purely legal ones; rather, further factual development is required in the form of the California Workers' Compensation process. Any argument by the Plaintiff that this Court should forge ahead and adjudicate the issues already pending in California is without merit, as it usurps the WCAB's exclusive jurisdiction over this matter.[3] The Plaintiff is essentially asking this Court to make a ruling on the number of injuries Mr. Thomas has sustained in the course of his employment, not on coverage issues.

ORIC has not denied coverage, and the factual determination that remains is not one for a Texas court to decide because it falls under the province of the California Workers' Compensation Act. In this regard, avoiding premature litigation over administrative actions prevents courts from "entangling themselves in abstract disagreements over administrative policies while at the same time serving to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Texas Court Reporters Certification Bd. v. Esquire Deposition Servs., L.L.C.*, 240 S.W.3d 79, 92 (Tex.App.-Austin 2007, no pet.). Further, the Supreme Court stated that "the declaratory judgment procedure

---

[3] The California Workers' Compensation Act provides employee's exclusive remedies against his or her employer for injuries arising out of and in the course of employment. Claims subject to the exclusivity rule also include all injuries collateral to or derivative of an injury compensable by exclusive remedies. *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 813 (2001); Cal. Lab. Code §§3600. Where the alleged injury is neither collateral to nor derivative of an injury that satisfies both of these conditions, then it is not subject to exclusivity. *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 813–15 (2001). The courts liberally construe the laws in favor of awarding workers' compensation, not permitting civil litigation. *Id*.

will not be used to preempt and prejudice issues that are committed for initial decision to an administrative body." *Public Service Commission v. Wycoff Co.,* 344 U.S. 237, 246 (1952).

C.      **TXI's Requested Relief Is Nothing More Than An Advisory Opinion**

Even if Plaintiff were to soften its stance on the scope of relief being sought in this action (i.e., that it is not in fact asking this Court to determine the number of injuries that occurred), the Complaint would still amount to no more than an impermissible attempt at procuring an advisory opinion.  It is well-established law that the declaratory judgment procedure may not be made the medium for securing an advisory opinion in a controversy that has not yet arisen. *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 140 (2007).  *See also Villas at Parkside Partners v. City of Farmers Branch*, 577 F. Supp. 2d 880, 883 (N.D. Tex. 2008).  The Plaintiff's blatant omission of the pending California matters evinces an impermissible attempt to procure an advisory opinion on factual issues that have not yet been determined.

There can be no actual controversy because the WCAB has made no decision at this time and Mr. Thomas' workers' compensation cases are open, active, and ongoing.  An actual controversy only exists where "a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 897 (5th Cir. 2000). The only immediate hardship that Plaintiff suffers from a decision to withhold court review on this issue is that it will worry that ORIC will not abide by a future decision of the WCAB.  Should this come to pass, and should ORIC in fact raise issues that have been previously determined by the WCAB, then the Plaintiff can seek the appropriate relief at that time.   Until then, the subject matter of the Plaintiff's Complaint is not ripe, and the Complaint should be dismissed pursuant to Rule 12(b)(1).

ACTIVE\52374706.v1

## RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT

While dismissal of the Plaintiff's Complaint is appropriate under Rule 12(b)(1), in the alternative, this Court should order Plaintiff to provide a more definite statement under Rule 12(e). A complaint "which contains . . . . . bare bones" allegation[s] that a wrong [has] occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Thus, the same legal hurdles Plaintiff faces under Rule 12(b)(1) warrants, in the alternative to dismissal and at a minimum, a more definite statement under Rule 12(e).

The Plaintiff craftily drafted its Complaint so as to avoid any mention of the pending workers' compensation process in California. In that regard, the Complaint is more deficient than one that simply contained "bare bones" allegations, since Plaintiff leaves out the entire factual backbone of the case. If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e). *Sisk v. Texas Parks & Wildlife Dept*. 644 F.2d 1056, 1059 (5th Cir. 1981). The Complaint clearly does not contain sufficient information about the pending California workers' compensation claims and their relationship to the relief being sought. As a result, ORIC cannot frame the appropriate responsive pleading without Plaintiff addressing the proverbial elephant in the room. Because the Plaintiff has not pleaded the requisite level of facts, the Court should require Plaintiff to amend its Complaint with a more definite statement of the suit.

## RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Red Hook,* 2016 WL 4179373, at *1 (quoting *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007) (quoting

ACTIVE\52374706.v1

in turn *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570 (2007))). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at *1 (quoting *Twombly,* 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at *1 (quoting *In re Katrina Canal,* 495 F.3d at 205 (quoting in turn *Twombly,* 550 U.S. at 555)). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* at *1 (quoting *In re Katrina Canal,* 495 F.3d at 205 (quoting in turn *Martin K Eby Construction Company, Inc. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004))).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6).  *Id.* at *2 (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009)).  The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." Id.

Plaintiff states in its Complaint that it "is unsure of its responsibilities with regard to both the coverage and deductibles applicable." (See Petition, p. 3, par. 13).  This statement is merely a conclusion that is not entitled to an assumption of truth.  As stated in the motion to dismiss pursuant to Rule 12(b)(1) and the motion for a more definite statement pursuant to Rule 12(e), the Plaintiff deliberately omitted any discussion about the pending factual determinations by the

WCAB.  The Plaintiff's responsibilities are inextricably tied to the factual determinations that will be made by the WCAB.

Although courts generally limit their inquiry to factual averments in the complaint for purposes of a Rule 12(b)(6) analysis,  under certain circumstances the court can consider extrinsic materials without converting the motion to a motion for summary judgment.   *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("And,  it  is  clearly  proper  in deciding a 12(b)(6) motion to take judicial notice of matters of public record.")

ORIC requests that the Court take judicial notice of the underlying California workers' compensation records in determining this motion to dismiss.  (App 3 – App 8, App 25 - App 28, and App 47 - App 53).  When reviewing the Plaintiff's Complaint in light of the procedural posture of this matter, it becomes evident that the Plaintiff does not have a right to relief based on the available facts.  As argued in ORIC's motion to dismiss pursuant to Rule 12(b)(1), the Plaintiff's claim is not ripe because it is contingent on matters currently being considered by the WCAB.

A premature case  that  is  not  ripe  for  adjudication  conflicts  with  constitutional prerequisites to the exercise of jurisdiction.   *Red Hook,* 2016 WL 4179373, at *2 (quoting *Kennard v. Indianapolis Life Ins. Co.,* 420 F. Supp. 2d 601, 606 (N.D. Tex. 2006) (Fish, Chief J.) (quoting in turn *Shields v. Norton,* 289 F.3d 832, 835 (5th Cir.)).  Further, a matter that is not ripe for adjudication can also be the subject of a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  *See Goff v. City of Murphy, TX,* No. 3:08-CV-1660-L, 2009 WL 1037911, at *1-4 (N.D. Tex. April 15, 2009).  Because Plaintiff did not state a claim upon which relief can be granted, the Court should dismiss the suit.

## CONCLUSION

For these reasons, ORIC respectfully requests the Court to dismiss the Plaintiff's Complaint, or in the alternative, to require Plaintiff to amend its Complaint with a more definite statement of the suit. ORIC further requests that just costs be taxed against Plaintiff.

Respectfully submitted,

By: /s/ Robert J. Palmer
      Robert J. Palmer
      State Bar No. 24013286
      E-mail: rpalmer@foxrothschild.com
      Andy Nikolopoulos
      State Bar No. 24044852
      E-mail: anikolopoulos@foxrothschild.com
      **FOX ROTHSCHILD LLP**
      Two Lincoln Centre
      5420 LBJ Freeway, Suite 1200
      Dallas, Texas  75240
      (972) 991-0889
      (972) 404-0516 – Facsimile

      **ATTORNEYS FOR DEFENDANT**

ACTIVE\52374706.v1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this the 18th day of December, 2017, a true and correct copy of the above and foregoing document was forwarded in accordance with the Federal Rules of Civil Procedure to the following attorney of record:

James J. Leonard
jim.leonard@btlaw.com
John L. Corbett
john.corbett@btlaw.com
BARNES & THORNBURG LLP
2100 McKinney Avenue, Suite 1250
Dallas, Texas 75201
FAX: 214/258-4199
*Attorneys for Plaintiff*

/s/ Robert J. Palmer
Robert J. Palmer

## <u>CERTIFICATE OF CONFERENCE</u>

On December 15, 2017, the undersigned counsel attempted to confer with Plaintiff's counsel regarding the Motion for More Definite Statement. No agreement was reached and this Motion is submitted for the Court's determination.

/s/ Robert J. Palmer
Robert J. Palmer

ACTIVE\52374706.v1