**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TEXAS INDUSTRIES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:17-cv-03345** |
| | § | |
| **OLD REPUBLIC INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

### PLAINTIFF TEXAS INDUSTRIES, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS

Respectfully submitted,

**BARNES & THORNBURG LLP**

*/s/ James J. Leonard_____*
James J. Leonard
Texas Bar No. 12209700
John L. Corbett
Texas Bar No. 24088884
2100 McKinney Avenue
Suite 1250
Dallas, TX 75201
Main: (214) 258-4200
Fax: (214) 258-4199
E-mail: jim.leonard@btlaw.com
E-mail: john.corbett@btlaw.com

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ 3

I.      PRELIMINARY STATEMENT ...................................................... 5

II.     PROEDURAL HISTORY .............................................................. 7

III.    ARGUMENT AND CITATION OF AUTHORITY ......................... 7

        a. ORIC's Motion to Dismiss Pursuant to FRCP Rule 12(b)(1) Should be Denied. ......... 7

               1. Standard of Review ........................................................ 7

               2. TXI's Action for Declaratory Relief is Ripe for Review ................................ 8

                      A. ORIC's Decision to Treat the Employee's Claim as Implicating
                         Multiple Policies Has an Immediate Impact on TXI, and Presents a
                         Substantial Likelihood of Injury in the Future. ........................... 8

                      B. ORIC's Own Argument is Inscrutable if a Present Case or
                         Controversy Does Not Yet Exist. ........................................ 9

                      C. Fifth Circuit Precedent Confirms this Court Should Not Dismiss
                         TXI's Declaratory Judgment Action. ................................... 11

                             i. This Declaratory Judgment Action is Justiciable. ............... 11

                             ii The Court May Properly Exercise Its Discretion to Decide this
                                Case. ............................................................ 13

        b. ORIC's Motion to Dismiss Pursuant to FRCP Rule 12(b)(6) Should be Denied. ........ 16

               1. Standard of Review. ..................................................... 16

               2. ORIC's Motion to Dismiss Must Be Denied Because TXI Has Satisfied
                  the Federal Pleading Standards. ......................................... 16

        c. ORIC's Motion for a More Definite Statement Should be Denied. ........................ 18

IV.     CONCLUSION ............................................................................ 19

        CERTIFICATE OF SERVICE ..................................................... 21

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................ 15, 16

*AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 Fed.App'x 316 (5th Cir. 2006).......................... 13, 14

*Bauer v. Texas*, 341 F.3d 352 (5th Cir. 2003)................................................................. 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). ........................................................ 15

*Goff v. City of Murphy, TX*, No. 3:08-CV-1660-L, 2009 WL 1037911
   (N.D. Tex. April 15, 2009) ................................................................................. 17

*Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 Fed.App'x 159 (5th Cir. 2015)............ 14

*Lopez v. City of Houston*, 617 F.3d 336 (5th Cir. 2010)). ............................................... 7

*Maxum Indem. Co. v. BRW Floors, Inc.*, No. 5:15-cv-00167-RCL, 2015 WL 5881584
   (W.D. Tex. Oct. 7, 2015) ................................................................................. 11

*Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941) ............................................. 13, 14

*Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488 (5th Cir. 1986)..................... 12

*Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126 (5th Cir. 1959)). ..................................... 18

*Mobil Oil Corp. v. Oil Chem. & Atomic Workers Int'l Union*, 483 F.2d 603 (5th Cir. 1973) ..... 12

*Monitronics International, Inc. v. Skyline Security Management, Inc.*, No. 3:16-cv-02716,
   2017 WL 2882624 (N.D. Tex. July 5, 2017). ............................................................. 18

*Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). ................................ 7

*Munoz v. 193rd Judicial Dist. Court*, 2012 U.S. Dist. LEXIS 89049
   (N.D. Tex. May 21, 2012)................................................................................. 16

*National Am. Ins. Co. v. Harris*, No. 3:14-CV-2078, 2015 WL 11120977
   (N.D. Tex. Sept. 8, 2015)................................................................................. 13, 14

*Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). ............................... 11, 12

*Ramming v. U.S.*, 281 F.3d 158 (5th Cir. 2001) ............................................................ 17

*Reitz v. City of Abilene*, No. 1:16-CV-0181-BL, 2017 WL3046881
   (N.D. Tex. May 25, 2017)................................................................................. 7, 17

*Rhode Island v. Narragansett Indian Tribe*, 19 F.3d 685 (1st Cir. 1994) .................................... 11

*Rhodes v. Prince*, 360 F. App'x 555 (5th Cir. 2010) .................................... 15

*Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383 (5th Cir. 2003).................................. 11, 14

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994).......................................... 13, 14

*Texas v. West Publ'g. Co.*, 882 F.2d 171 (5th Cir. 1989) ............................................ 11

*United Transp. Union v. Foster*, 205 F.3d 851 (5th Cir. 2000). .................................... 11

*Vilaythong v. Allstate Ins. Co.*, No. 3:17-CV-0627-G, 2017WL 4805522
   (N.D. Tex. Oct. 25, 2017) ...................................................... 7, 8

*Vinings Ins. Co. v. Byrdson Services, LLC*, No. 1:14-CV-525, 2016 WL 3567057
   (E.D. Tex. June 13, 2016) ................................................. 13, 15

TO THE HONORABLE JUDGE SIDNEY FITZWATER, UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff, Texas Industries, Inc. ("TXI"), and responds in opposition to Defendant, Old Republic Insurance Company's ("ORIC"), Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6), and Motion for a More Definite Statement Pursuant to Rule 12(e), showing this Court as follows:

## I.     PRELIMINARY STATEMENT

TXI brings this action to determine its rights, duties, and liabilities under the insurance policies it procured from ORIC. Specifically, TXI seeks a determination that only the first in time of those policies applies to an underlying workers' compensation claim brought by a former TXI employee, Ricky Thomas, such that TXI's financial responsibility is limited to a single $500,000 deductible.

For much of the long history of this claim, ORIC did not dispute that this was the extent of TXI's financial responsibility in connection with the underlying claim.  Early last year, however, ORIC abruptly decided to treat this claim as involving two separate injuries to the Mr. Thomas in different policy periods.  Under ORIC's newly-minted coverage posture, TXI must not only satisfy the $500,000 deductible under the first policy, but a $2 million deductible under the second policy as well, for a total financial responsibility of up to $2.5 million.  In short, ORIC now contends that TXI's financial responsibility in connection with the underlying claim is *five times* what ORIC previously contended.  Compounding this, TXI has already satisfied the $500,000 deductible, and ORIC has spent amounts well in excess of the deductible in connection with the underlying claim.  ORIC's new coverage position, then, effectively requires TXI to both reimburse ORIC for amounts already spent in connection with the underlying claim, and to take

financial responsibility to the underlying claim moving forward.  This dispute is thus the very essence of an existing case or controversy.

ORIC's motion to dismiss this case contends that the matter is not ripe for adjudication because the underlying claim remains ongoing before the California Workers' Compensation Appeals Board ("WCAB").  This is irrelevant.  TXI and ORIC have a ***present dispute*** over the financial responsibility for substantial amounts already paid in excess of the $500,000 deductible and for the underlying claim going forward.  A decision by the WCAB is not a precondition for a case or controversy between TXI and ORIC over their respective responsibilities under the insurance policies issued by ORIC to TXI.

Furthermore, ORIC's incorrect contention that TXI is solely or largely financially responsible for the underlying claim going forward is a very real impediment to resolution of the underlying claim.  A declaration of the respective rights and obligations of ORIC and TXI is necessary to clear up not only the scope of TXI's financial responsibility, but also to facilitate resolution of the underlying claim. There is no end in sight to the worker's compensation proceeding in California.  Already the parties have been forced to retain their own counsel in the WCAB matter, and while this long running, very expensive claim is precisely the kind that employers try to resolve with an employee to liquidate the liability, that cannot be done here because TXI and ORIC dispute which party is responsible for what portion of any settlement. So, the employee's claim marches on—regardless of whether the underlying parties, want to resolve it—and the parties continue to throw money at it.   If there is a declaration of TXI's and ORIC's rights, however, the stalemate is fixed and the parties may be able to resolve the employee's claim.

Accordingly, for these reasons and as discussed more fully below, the Court should deny ORIC's motion to dismiss under Rules 12(b)(1) and 12(b)(6).

## II.      PROCEDURAL HISTORY

On November 9, 2017, TXI filed its Original Petition for Declaratory Judgment in the 298th Judicial District Court of Dallas County, Texas. ORIC subsequently removed the case to the United States District Court for the Northern District of Texas, Dallas Division on December 11, 2017. On December 18, 2017, ORIC filed its Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6), and Motion for a More Definite Statement Pursuant to Rule 12(e) and Brief in Support. TXI now timely files its response in opposition.

## III.      ARGUMENT AND CITATION OF AUTHORITY

### a.   ORIC's Motion to Dismiss Pursuant to FRCP Rule 12(b)(1) Should be Denied.

#### 1.   Standard of Review

Rule 12(b)(1) "authorizes the dismissal of a case for lack of jurisdiction over the subject matter." *Vilaythong v. Allstate Ins. Co.*, No. 3:17-CV-0627-G, 2017WL 4805522, *1 (N.D. Tex. Oct. 25, 2017). A motion to dismiss for lack of subject matter jurisdiction "must be considered by the court before any other challenge because 'the court must find jurisdiction before determining the validity of a claim.'" *Id.* (quoting *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). "Because ripeness is an issue of subject matter jurisdiction, a party may contest ripeness through a 12(b)(1) motion to dismiss." *Id.* (relying on *Lopez v. City of Houston*, 617 F.3d 336, 341 (5th Cir. 2010)). In a case for declaratory relief where, as here, the plaintiff challenges whether there is actually a case or controversy ripe for review, "a plaintiff must allege facts from which it appears that there is a substantial likelihood that he will suffer injury in the future." *Reitz v. City of Abilene*, No. 1:16-CV-0181-BL, 2017 WL3046881, *7

(N.D. Tex. May 25, 2017) (quoting *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (internal quotations omitted)). Because ORIC seeks to support its motion with extrinsic exhibits, this attack is a "factual" rather than "facial" one, and TXI may also submit evidence in support of jurisdiction for the Court's consideration. *Id.* at *4; *see also Vilaythong*, 2017 WL 2882624 at *2.

### 2.   TXI's Action for Declaratory Relief is Ripe for Review.

ORIC maintains this matter is not ripe for review—and accordingly, that this Court does not have subject matter jurisdiction—because the WCAB may resolve whether TXI's former employee's injuries were the result of one or multiple work-related injuries. (Doc. 4 at 10-11.) Nevertheless, ORIC has made a unilateral decision to treat the employee's claim as one for injuries in multiple policy periods, substantively affecting TXI's rights under its insurance policies with ORIC right now.  Moreover, ORIC appears to admit, that the WCAB may never actually reach  the one vs. two injury issue, and even if it does, it will be in the context of California workers compensation rules, not under the policy terms and laws of the State of Texas.  The speculative possibility that the WCAB may decide some issue under California workers compensation law does not foreclose this Court's jurisdiction.

### A.  ORIC's Decision to Treat the Employee's Claim as Implicating Multiple Policies Has an Immediate Impact on TXI, and Presents a Substantial Likelihood of Injury in the Future.

This case seeks to determine the rights and obligations of the parties regarding their financial responsibility with respect to the underlying claim by Mr. Thomas, particularly that only the 2001-02 Policy and its $500,000 deductible applies. (Doc. 1-3 at 6, ¶ 18.)  TXI has already satisfied this deductible.  ORIC, however, now, contends that a second policy and its *$2,000,000 deductible* also applies to the underlying claim.

This policy dispute has already had an adverse immediate financial impact on TXI in that it has had to retain its own counsel in the underlying matter.  More importantly, under ORIC's new interpretation of its polices, TXI's deductible is  five times the $500,000 it has already paid on Mr. Thomas's claim—effectively, , requiring TXI to reimburse ORIC for amounts  the carrier has already paid toward the underlying claim in excess of $500,000.  ,This interpretation also effectively obligates TXI to fund the claimant's benefits going forward.  The existing injury to TXI, and the substantial likelihood of further injury in the future, is precisely the kind of injury that makes this dispute ripe for adjudication.

## B. ORIC's Own Argument is Inscrutable if a Present Case or Controversy Does Not Yet Exist.

Despite the current dispute between ORIC and TXI over financial responsibility for significant amount already spent on Mr. Thomas's claim, ORIC argues this Court should refuse to exercise jurisdiction because the the coverage dispute before it is dependent on a factual determination by the California WCAB.  Specifically, ORIC states that "Plaintiff's claim is not ripe because it is contingent on an event that may never occur, that event being a final adjudication from the WCAB that two separate injuries were sustained by Mr. Thomas, [TXI's former employee]." (Doc. 4 at 10). This argument does not lead to the conclusion that this case is too speculative to be heard as ORIC contends, and fails for at least two different reasons.  (Doc. 4 at 10.)

First, the issue addressed in this case—an interpretation of Texas insurance contracts regarding whether one policy and a single deductible or two policies and two deductibles apply to the underlying claim—are separate and distinct from the one vs. two injury issue to be determined by the WCAB.  This can be seen from the lack of deference ORIC seems to give the WCAB proceeding.  Specifically, the employee's claim before the WCAB has been pending for

years and the one vs. two injury issue has not yet been resolved.  Nevertheless, in February of 2017 ORIC demanded the underlying worker's compensation claim be separated into two claims under two different insurance policies. (*See* the emails from Laura Thornton, Senior Claim Specialist for ORIC, true and correct copies of which are collectively attached hereto as Exhibit 1.) That is, without waiting for a determination from the WCAB, ORIC took the facts as it understood them and applied them in such a way as to require TXI to satisfy two deductibles, one for each claim.  Accordingly, irrespective of the pending WCAB claim, ORIC has made its own decision to treat the employee's claim as two injuries under the terms of two different insurance policies.  As discussed above, this risks a significant financial impact on TXI and makes this case ripe.

Second, even if the issues were not separate and distinct, ORIC's argument admits that there is a case and controversy here.  By asserting that the WCAB may potentially resolve the dispute between TXI and ORIC as to how many injuries exist for purposes of insurance coverage, ORIC necessarily concedes that such a dispute ***already exists***.  Indeed, if the WCAB never resolves the number of injuries issue, as ORIC seemingly argues, then the current litigation is the only forum in which the policy dispute between TXI and ORIC could ever be resolved.[1] And even if the WCAB were to address the number of injuries to Mr. Thomas at some time in the future, it does, it does not mean this case is not ripe now.  Although ORIC has stated it will accept the WCBA's decision if it finds a single injury and only require one deductible, at the

---

[1]      The fact that the WCAB may never reach the issue (the underlying claim being more than sixteen years old at this point) is the precise reason TXI did not think it necessary to discuss the details of the underlying workers' compensation proceedings in its Petition. Thus, TXI did not omit reference to the WCAB proceeding out of some sinister motive as ORIC would have this Court believe. (*See* Doc. 4 at 11.) To the contrary, TXI noted the claims made by its former employee, but did not discuss the details of the proceedings in its Petition because it sought a determination of the coverage and deductibles applicable under the Policy.

present time ORIC's position is that two deductibles are required.  As discussed above, this presents an immediate financial risk to TXI.  Simply because ORIC is prepared to change its mind if the WCBA finds a single injury does not reduce this risk now.  If anything, it underscores the need to litigate this case to determine the parties' rights instead of leaving them to speculation and the mercy of the timing of the California WCBA's decision.

### C. Fifth Circuit Precedent Confirms this Court Should Not Dismiss TXI's Declaratory Judgment Action.

TXI's arguments in this section are further bolstered by Fifth Circuit precedent. Specifically, this Court has jurisdiction to decide the matter before it based on the three-step inquiry set forth in *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). That inquiry asks "(1) whether the declaratory judgment action is justiciable; (2) whether the court has the authority to grant the declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Maxum Indem. Co. v. BRW Floors, Inc.*, No. 5:15-cv-00167-RCL, 2015 WL 5881584, *7 (W.D. Tex. Oct. 7, 2015) (quoting *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003)).  ORIC expressly challenges the first prong of this test and indirectly challenges the third, arguing that the matter before the Court is not ripe because it is contingent on an uncertain, future event and because the matter is already being adjudicated before another judicial body. (*See* Doc. 4 at 10-12.)

### i.    This Declaratory Judgment Action is Justiciable.

With regard to the first prong, courts recognize that "applying the ripeness doctrine in the declaratory judgment contexts presents a unique challenge" in part because such judgments are sought "before a completed 'injury-in-fact' has occurred." *Orix*, 212 F.3d at 896 (relying on *Rhode Island v. Narragansett Indian Tribe*, 19 F.3d 685, 692 (1st Cir. 1994); *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). A declaratory judgment action is ripe where

an "actual controversy exists." *Id*. An "actual controversy" exists "where 'a substantial controversy of sufficient immediacy and reality [exists]' between parties having adverse legal interests.'" *Id*. (quoting *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986); relying on *Texas v. West Publ'g. Co.*, 882 F.2d 171, 175 (5th Cir. 1989) (noting that the "case and controversy" requirement of Art. III of the United States Constitution is "identical to the actual controversy requirement under the Declaratory Judgment Act"). "Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis. *Id*. (relying on *Mobil Oil Corp. v. Oil Chem. & Atomic Workers Int'l Union*, 483 F.2d 603 (5th Cir. 1973)).

ORIC argues that the issues are not ripe because "further factual development is necessary," in particular that this case cannot be decided without the WCAB first deciding the number of injuries suffered by TXI's former employee. (Doc. 4 at 10-11.)  Whether or not the WCAB may issue a decision that contributes to the resolution of the current dispute, however, does not change the fact that a case or controversy presently exists; namely, whether TXI is financially responsible for amounts in excess of the $500,000 retention in the 2001-02 policy, including substantial amounts that ORIC has already paid that TXI may be required to reimburse.

The only issue posed by TXI for this court's determination—the extent of TXI's financial responsibility with respect to amounts paid by ORIC in excess of $500,000 in connection with the underlying workers' compensation claim—is a substantial controversy of sufficient immediacy that is neither speculative nor advisory.  If ORIC is correct in that more than one policy applies to the underlying claim, then TXI may ***currently*** owe hundreds of thousands of dollars to ORIC for payments ORIC has already made to the underlying claimant, and may owe

hundreds of thousands of dollars more going forward.  If TXI is correct, however, it has met its $500,000 deductible and has no further financial obligations under the only policy that applies. This is the very kind of case or controversy for which declaratory judgments were designed to resolve.  *See e.g. National Am. Ins. Co. v. Harris*, No. 3:14-CV-2078, 2015 WL 11120977, *2 (N.D. Tex. Sept. 8, 2015) (finding plaintiff's "declaratory judgment action is justiciable because a substantial controversy exists regarding whether Harris is covered by the policy") (relying on *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 Fed.App'x 316, 318-19 (5th Cir. 2006) (finding an "actual controversy under the [Declaratory Judgment Act] in an insurer's suit seeking a declaration that it was not liable for damages in a pending underlying state court action")); *Vinings Ins. Co. v. Byrdson Services, LLC*, No. 1:14-CV-525, 2016 WL 3567057, * 5 (E.D. Tex. June 13, 2016) (finding a justiciable controversy where plaintiff sought determination of its rights, status, and obligations regarding defense and indemnification under the insurance policies where it could not determine that the issues were resolved by underlying state court litigation) (relying on *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 271-74 (1941) (holding that an actual case or controversy existed when an insurer brought a declaratory judgment action regarding its liability to the insured for an underlying state court action while the underlying action was still pending)).

### ii.     The Court May Properly Exercise Its Discretion to Decide this Case.

The pendency of the underlying workers' compensation proceeding is a factor that actually weighs in favor of this Court exercising its jurisdiction. In determining how best to exercise its broad discretion to decide or dismiss a case, courts consider seven factors first enumerated by the Fifth Circuit in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994). *See*

*Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 Fed.App'x 159, 165 (5th Cir. 2015);

*Harris*, 2015 WL 11120977 at *2. The factors include:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; 3) whether the plaintiff engaged in forum shopping in bringing this suit; 4) whether the possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exists; 5) whether the federal court is a convenient forum for the parties and witness; 6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy; and 7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suite between the same parties is pending.[2]

*Ironshore*, 624 Fed.App'x at 164. The first factor "requires the court to examine comity and efficiency." *Id.* at 166 (quoting *Sherwin-Williams*, 343 F.3d at 391) (internal quotation omitted). "It is clear that '[a] district court may decline to decide a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the *same parties*.'" *Id.* (quoting *Sherwin-Williams*, 343 F.3d at 391) (italics original).

In *Ironshore*, the Fifth Circuit concluded that "the district court's conclusion that because the Texas appeal might *moot* the issue, there existed a 'pending state action in which all the matters in the controversy may be litigated,' was mistaken." *Id.* at 166-67. Rather, the Fifth Circuit found that "the pending state court action [did] not involve the same parties—[the insurance companies, Safety National and Ironshore were] not parties to the case. Moreover, the state suit [did] not involve the same issues—the scope of Safety National and Ironshore's insurance policies." *Id.* at 166 (noting that the issue of whether the complainant in a workers' compensation action is an employee under the Texas Workers' Compensation Act is a distinct

---

[2]     ORIC has only raised the issue of the pendency of an administrative proceeding. Because it has not challenged the other *Trejo* factors, they are not discussed here. It is not required that all factors weigh in favor of jurisdiction, *see Ironshore*, 624 Fed.App'x at 164-65, and here balancing the factors leads to the conclusion that this Court should exercise jurisdiction.

question from whether that individual is an employee under the policies); *see also Md. Cas. Co.*, 312 U.S. at 271-74 (finding an actual case and controversy when an insurer brought a declaratory judgment action regarding the liability to the insured for an underlying state court action while the underlying action was still pending); *AXA Re Prop. & Cas. Ins. Co.*, 162 Fed.App'x at 318-19 (finding an actual case and controversy in a declaratory judgment action on commercial-automobile liability insurance coverage when the underlying state wrongful-death action was still pending); *Vinings Ins. Co.*, 2016 WL 3567057 at *5 (finding an actual controversy existed in such a case where an insurer brought a declaratory judgment action regarding its liability to the insured for an underlying state court action while the underlying action is still pending).

Because the underlying workers' compensation action does not involve the same parties or the same issues, the pendency of the administrative proceeding does not prevent this Court from deciding this declaratory judgment action.[3]  Unlike the underlying proceeding, TXI does not seek workers' compensation benefits; it seeks an adjudication of its rights and obligations under insurance policies purchased from ORIC.  These rights and obligations cannot and will not be decided in the WCAB proceeding.  Because (1) there is an actual case and controversy that is ripe for review and (2) the workers' compensation proceeding does not involve the same parties or the same issues as the instant action, this Court should deny ORIC's motion to dismiss and decide this case.

---

[3]     ORIC contends that the WCAB has exclusive jurisdiction over this matter pursuant to the California Workers' Compensation Act. (Doc. 4 at 11, n.3.) However, the exclusive remedy doctrine serves to grant exclusive jurisdiction to the WCAB for the employee's claims, not for other claims brought by other parties, including the employer's claims against its insurer. *See* California LAB § 3602(a) ("Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is…the *sole and exclusive remedy* of the **employee**…against the employer….") (italics original).

### b.  ORIC's Motion to Dismiss Pursuant to FRCP Rule 12(b)(6) Should be Denied.

#### 1.  Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  After "identifying the well-pleaded factual allegations, [a court must] then 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Rhodes v. Prince*, 360 F. App'x 555, 558 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 679 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.  Motions to dismiss under Rule 12(b)(6) are highly disfavored and rarely granted.  *Munoz v. 193rd Judicial Dist. Court*, 2012 U.S. Dist. LEXIS 89049, *12 (N.D. Tex. May 21, 2012).

#### 2.  ORIC's Motion to Dismiss Must Be Denied Because TXI Has Satisfied the Federal Pleading Standards.

ORIC's Rule 12(b)(6) contention is conclusory and nothing more than an effective recitation of its argument for dismissal under Rule 12(b)(1). The Rule 12(b)(6) motion is based on two arguments: 1) that TXI's statement that it "is unsure of its responsibilities with regard to both the coverage and deductibles applicable" "is merely a conclusion that is not entitled to an assumption of truth" (Doc. 4 at 14) (quoting Doc. 1-3 at 3, ¶13); and 2) that TXI's claim is not ripe for review pursuant to Rule 12(b)(1) so it also is subject to dismissal under Rule 12(b)(6).

ORIC's first argument wholly fails because TXI's statement is a prayer for relief, not a legal or factual argument.  Aside from this one statement, ORIC has not argued that TXI has otherwise failed to state a claim.  Nor could it.  TXI's Petition alleges sufficient facts to support

its claim for declaratory relief as the stated facts lead to the reasonable inference that TXI is entitled to relief.

ORIC's second argument—that TXI's Petition should be dismissed pursuant to rule 12(b)(6) because it is not ripe pursuant to 12(b)(1)—fails for two reasons. First, Rule 12(b)(6) is not the appropriate procedural vehicle because ripeness is a question of jurisdiction governed by Rule 12(b)(1), not a question of sufficiently pled facts.[4]  In any event, this brief has already addressed why TXI's claim is ripe in response to ORIC's Rule 12(b)(1) argument, and TXI's renewal of its justiciability argument is no more successful under Rule 12(b)(6) than it is under 12(b)(1).

Second, a dismissal under Rule 12(b)(1) is not a basis to dismiss under Rule 12(b)(6). In fact, courts are required to decide a Rule 12(b)(1) motion **before** hearing any other Rule 12 motions to "prevent[] a court without jurisdiction from prematurely dismissing a case with prejudice." *Reitz*, 2017 WL 3046881 at *4 (quoting *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (internal quotations omitted)). "When the court dismisses for lack of subject matter jurisdiction, that dismissal is 'not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.'" *Id.*[5] To dismiss a case

---

[4]     The fact that when considering a Rule 12(b)(1) motion courts may consider evidence and do not assume the veracity of the parties' statements further underscores the distinction between the purpose of these rules and highlights why they should not be conflated. To deny plaintiffs the presumption of truth and to consider evidence, as ORIC would have this Court do (Doc. 4 at 14-15), vitiates Rule 12(b)(6) and turns this proceeding into a motion for summary judgment.

[5]     ORIC relies on the district court's decision in *Goff v. City of Murphy, TX*, No. 3:08-CV-1660-L, 2009 WL 1037911, at *1-4 (N.D. Tex. April 15, 2009), to support its position that arguments of ripeness can form the basis of a Rule 12(b)(6) motion. (Doc. 4 at 15.) However, the *Goff* court, which also dismissed the claims under Rule 12(b)(1), relied on no authority to dismiss the claim pursuant to Rule 12(b)(6) due to issues of ripeness. Furthermore, the case was not reviewed by the appellate court and has not been relied upon by any other courts since it was decided nearly nine years ago. Thus, the Fifth Circuit case law, which dictates that Rule 12(b)(1)

under Rule 12(b)(6) for reasons of ripeness which are properly asserted under Rule 12(b)(1), would be to disregard the Fifth Circuit's precedent and to establish a dangerous new precedent by which procedural challenges can be morphed into challenges on the merits. This could result in an unwarranted exercise of a court's jurisdiction to the detriment of plaintiffs whose cases may be dismissed with prejudiced, preventing them from reasserting their claims in the proper jurisdiction. Thus, ORIC's Motion to Dismiss pursuant to Rule 12(b)(6) should be denied.

### c. ORIC's Motion for a More Definite Statement Should be Denied.

"A motion for a more definite statement is available where the pleading is so vague or ambiguous that the party cannot reasonably prepare a response." *Monitronics International, Inc. v. Skyline Security Management, Inc.*, No. 3:16-cv-02716, 2017 WL 2882624, *6 (N.D. Tex. July 5, 2017). "A plaintiff cannot be required to amend its complaint under Fed. R. Civ. P. 12 if, under Fed. R. Civ. P. 8, the complaint is sufficient to withstand a motion to dismiss. *Id.* (relying on *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)).

The alleged deficiency ORIC complains of—the lack of "mention of the pending workers' compensation process in California" (Doc. 4 at 13)—is not a matter of clarity of the complaint as ORIC claims. ORIC knows the issues; indeed, ORIC's own Motion to Dismiss makes clear that it is aware of the intricate details of the workers' compensation proceeding it now claims need to be pleaded by TXI.  (*See* Doc. 4 at 5-8).  It has fashioned its own merits based motions and has plainly not been prevented from preparing a response to TXI's Petition. Instead, ORIC's Rule 12(e) motion is one of strategy, giving ORIC another opportunity to claim the WCAB proceeding is the "proverbial elephant in the room." (Doc. 4 at 13.)

---

motions must be decided prior to Rule 12(b)(6) motions in order to avoid an improper dismissal with prejudice are more persuasive here.

Additionally, TXI has sufficiently pled its claims under Fed. R. Civ. P. 8, so it cannot be required to amend its petition. As discussed above with regard to ORIC's Motion to Dismiss Pursuant to Rule 12(b)(6), TXI has pled sufficient facts to satisfy the federal pleading standards. TXI is master of its petition, not ORIC.  It has pleaded its claims sufficiently and is not required to plead them as ORIC would like.  TXI should not be required to amend its complaint pursuant to Rule 12(e).

### IV.    CONCLUSION

For the foregoing reasons, TXI respectfully asks that the Court deny Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6) and deny its Motion for a More Definite Statement pursuant to Rule 12(e).

Respectfully submitted this 8th day of January, 2018.

**BARNES & THORNBURG LLP**

*/s/ James J. Leonard*
James J. Leonard
Texas Bar No. 12209700
John L. Corbett
Texas Bar No. 24088884
2100 McKinney Avenue
Suite 1250
Dallas, TX 75201
Main: (214) 258-4200
Fax: (214) 258-4199
E-mail: jim.leonard@btlaw.com
E-mail: john.corbett@btlaw.com

*Attorneys for Texas Industries, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been sent to all counsel

of record by electronic means on the 8th day of January, 2018 as follows:

>      Robert J. Palmer
>      Andy Nikolopoulos
>      FOX ROTHSCHILD LLP
>      Two Lincoln Center
>      5420 LBJ Freeway, Suite 1200
>      Dallas, Texas 75240
>      rpalmer@foxrothschild.com
>      anikolopoulos@foxrothschild.com

                                           */s/ James J. Leonard*_____
                                           James J. Leonard